Per A. Ramfjord, OSB No. 93402
paramfjord@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendant Spencer Environmental, Inc.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-cr-381-HA |
| Plaintiff, | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |
| v. | |
| DONALD M. SPENCER and SPENCER ENVIRONMENTAL INC., | |
| Defendants. | |

Defendant Spencer Environmental, Inc. ("SEI") represents to the Court:

1.    SEI was an Oregon corporation formed on or about September 26, 1994. SEI

filed articles of dissolution on or about January 5, 2005 and no longer carries on any business

activities.

2.    SEI's attorney is Per A. Ramfjord.

3.    SEI's authorized representative has discussed the case fully with its attorney.

SEI's authorized representative has received and read a copy of the Information, and discussed it

Page 1   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
              ORDER ENTERING PLEA

with its attorney. SEI's attorney has counseled and advised it concerning the nature of each charge, any lesser-included offense, and the possible defenses that it might have in this case. SEI has been advised and understands that the elements of a violation of 42 U.S.C. § 6928(d)(2)(A) and § 6928(d)(7)(B), to which it is pleading "GUILTY" as set forth in Counts 1 to 3 of the Felony Information filed in *United States v. Donald M. Spencer and Spencer Environmental, Inc.*, Cr. Case No. 07 CR 381-HA, are as follows:

      a.      The elements of the offense of treatment, storage, and disposal of a hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A), are as follows: (1) the defendant, by and through the actions of its agents and/or employees, treated, stored, or disposed of waste, (2) the waste was hazardous, (3) the defendant did not have a permit authorizing the defendant to treat, store, or dispose of hazardous waste, (4) the defendant acted knowingly.

      b.      The elements of the offense of handling used oil in violation of 42 U.S.C. § 6928(d)(7)(B), are as follows: (1) the defendant, by and through the actions of its agents and/or employees, stored, treated, transported, disposed of or handled used oil, (2) in violation of a material condition or requirement of any used oil standard or regulation, (3) the defendant acted knowingly.

SEI's authorized representative has had a full and adequate opportunity to disclose to its attorney all facts known to it that relate to this case. SEI understands that the Court may ask whether it is satisfied with the advice it have received from its attorney.

      4.      SEI's authorized representative understands that if SEI pleads "GUILTY," he will have to answer any questions that the judge asks it about the offenses to which SEI is pleading guilty.

Page 2  -  PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA

5.      SEI's authorized representative knows that SEI may plead "NOT GUILTY" to any crime charged against it and that it may persist in that plea if it has already been made. SEI's authorized representative knows that if SEI pleads "NOT GUILTY," the U.S. Constitution guarantees it:

a.      The right to a speedy and public trial by jury, during which the company will be presumed to be innocent unless and until it is proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors;

b.      The right to have the assistance of an attorney at all stages of the proceedings;

c.      The right to use the power and process of the Court to compel the production of evidence, including the attendance of witnesses in its favor;

d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against the company;

e.      The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.      The right not to be compelled to incriminate itself.

6.      SEI's authorized representative understands that if SEI pleads "GUILTY," there will be no trial before either a judge or a jury and SEI will not be able to appeal from the judge's denial of any pretrial motions it may have filed concerning matters or issues not related to the Court's jurisdiction.

Page 3   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
             ORDER ENTERING PLEA

7.     In this case SEI is pleading "GUILTY" under Rule 11(c)(1)(A) and

Rule 11(c)(1)(3).  SEI's attorney has explained the effect of the plea under Rule 11(c)(1)(A) to

be as follows:

> SEI's plea of guilty is under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against SEI; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow SEI to withdraw its plea.

SEI's attorney has explained the effect of its plea under Rule 11(c)(1)(B) to be as follows:

> SEI's plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements.  If the judge imposes a sentence different from what SEI expected to receive under the terms of my plea agreement with the prosecutor, SEI does not have a right to withdraw its plea.

8.     SEI knows the maximum fine that may be imposed on it is $500,000, or twice the

gross gain or loss resulting from the unlawful conduct, a term of probation of at least one year

and not more than five years, and a special assessment of $400 per count.

9.     SEI knows that if it is ordered to pay a fine, and it willfully refuses to pay that

fine, it can be returned to court, where the amount of the unpaid balance owed on the fine can be

substantially increased by the judge.

10.     SEI's attorney has discussed with SEI's authorized representative the Federal

Sentencing Guidelines.  SEI's authorized representative understands and acknowledges that, at

sentencing, the Court is required to take into account the United States Sentencing Guidelines,

together with the other sentencing goals set forth in Title 18, United States Code, Section

3553(a).  SEI's authorized representative understands and acknowledges that the United States

Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of

corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1

and 8C2.10, the United States Sentencing Guidelines are not applicable for determining a fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

11.     On any fine or restitution in an amount of $2,500 or more, SEI's authorized representative knows that it will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

12.     SEI's authorized representative understands that if SEI is placed on probation, and violates a condition of probation, that the Court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence it.

13.     SEI's authorized representative knows that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which it pleads guilty. SEI's authorized representative is also informed that for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from the date of the entry of judgment. If SEI willfully refuses to pay restitution as ordered, a judge may resentence it to any sentence that could originally have been imposed.

14.     If SEI has another case pending in any state or federal court, SEI's authorized representative knows that its petition and plea agreement in this case does not, in the absence of an express and written agreement, apply to such other case(s) and that it can be faced with additional sentences.

Page 5   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
              ORDER ENTERING PLEA

15.    SEI's plea of "GUILTY" is based on a plea agreement that it made with the prosecutor. That plea agreement is attached hereto as Exhibit A and incorporated herein. SEI's authorized representative has read the plea agreement, and understands the plea agreement.

16.    The plea agreement contains the only agreement between the U.S. government and SEI. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that SEI will receive a lesser term of imprisonment or probation or any other form of leniency if I plead "GUILTY," except as stated in the plea agreement. SEI's authorized representative understands that it cannot rely on any promise or suggestion made to it by a government agent or officer that is not stated in writing in the plea agreement or that is not presented to the judge in SEI's presence in open court at the time of the entry of its plea of "GUILTY."

17.    SEI's plea of "GUILTY" is not the result of force, threat or intimidation.

18.    SEI hereby requests that the judge accept its plea of "GUILTY" to the following counts: Counts 1, 2 and 3 of the Felony Information filed in *United States v. Donald M. Spencer and Spencer Environmental, Inc.*, Cr. Case No. 07 CR 381-HA.

19.    SEI's authorized representative knows that the judge must be satisfied that a crime occurred and that SEI committed that crime before its plea of "GUILTY" can be accepted. With respect to the charge(s) to which SEI is pleading "GUILTY," SEI represents that it did the following acts and that the following facts are true:

- That SEI was an Oregon corporation that operated a recycling and wastewater treatment facility located at 6400 SE 101st Street, Portland Oregon, near the intersection with Foster Road (the "SEI facility");

- That SEI subcontracted with industrial companies to collect and recycle material including hazardous waste, used oil and anti-freeze, and to collect, treat and dispose of wastewater;

Page 6   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA

- That the Resource Conservation and Recovery Act ("RCRA") required SEI to obtain a permit from the Environmental Protection Agency ("EPA") or the State of Oregon under Title 42, United States Code, Section 6925, in order to treat and dispose of hazardous waste. In addition, the RCRA establishes standards for handling used oil which are designed to minimize the risk of fire and release of used oil into the environment;

- That on or between January 14, 2001 and August 31, 2003, in the District of Oregon, SEI, acting through its agents and employees, did knowingly treat and dispose of waste that proved to be hazardous, namely corrosive D002 hazardous waste from Scientific Imaging Technologies Incorporated's facility in Tigard, Oregon, without a permit from the EPA or the State of Oregon, as required by Title 42, United States Code, Section 6925;

- That on or between January 2001 and July 2003, in the District of Oregon, SEI, acting through its agents and employees, did knowingly treat and dispose of waste that proved to be hazardous, namely ignitable D001 hazardous waste from Niemi Oil Incorporated's facility in Warrenton, Oregon, without a permit from the EPA or the State of Oregon, as required by Title 42, United States Code, Section 6925;

- That between April 2000 and June 2003, in the District of Oregon, SEI, acting through its agents and employees at the SEI facility, violated the RCRA standards for handling used oil by failing to maintain the SEI facility in a way to minimize the release of used oil into the environment; specifically, employees occasionally (i) spilled used oil, and (ii) overfilled a waste pit used for oily waste; and

- That the mishandling of used oil at the SEI facility repeatedly resulted in the release of at least some used oil outside the SEI facility, including at least one spill that spread to a storage facility occupied by an appliance retail company next door to the SEI facility.

20.    SEI offers its plea of "GUILTY" freely and voluntarily and of its own accord and with a full understanding of the allegations set forth in the Information and with a full understanding of the statements set forth in this Petition and in the certificate of its attorney that is attached to this Petition.

SIGNED by SEI in the presence of its attorney after reading all of the foregoing pages and paragraphs of this Petition on the _11th_ day of October, 2007.

_____

Spencer Environmental, Inc. ("SEI")

By: _____

Donald M. Spencer
President, Spencer Environmental, Inc.

Page 8    -    PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
                ORDER ENTERING PLEA

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Spencer Environmental, Inc., hereby certifies:

1.    I have fully explained to the defendant the allegations contained in the Information in this case, any lesser-included offense(s) and the possible defenses that may apply in this case.

2.    I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all of its provisions to the defendant and discussed fully with the defendant all matters described and referred to in the Petition.

3.    I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.    I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty and any Plea Agreement on this _11_ day of October, 2007.

Per A. Ramfjord
OSB NO. 934024
(503) 294-9257

Attorney for Defendant Spencer Environmental, Inc.

Page 9  -  PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. _____ |
| | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| SPENCER ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1.    The United States of America, by and through the United States Attorney for the District of Oregon, and the defendant, SPENCER ENVIRONMENTAL INCORPORATED, (the defendant"), through its authorized representative, enter into the following Agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

2.    <u>The Charges and Penalties</u>.  The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and the right to be indicted by a grand jury and plead guilty to the charges set forth in Counts 1, 2 and 3 of an Information to be filed in this district.  All three counts allege violations of the Resource Conservation and Recovery Act.

3.    Counts 1 and 2 allege treatment, storage and disposal of hazardous waste without a permit, in violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6928(d)(2)(A).  Each count carries a term of probation of at least one year and not more than five years, and a maximum fine of $500,000 or twice the gross gain or loss resulting from the unlawful conduct, and a special assessment of $400.

4.    Count 3 alleges mishandling of used oil, in violation of RCRA, 42 U.S.C. § 6928(d)(7)(B).  Count 3 carries a term of probation of at least one year and not more than five years, and a maximum fine of $500,000 or twice the gross gain or loss resulting from the

EXHIBIT _A_
Page _1_ of _8_

unlawful conduct, and a special assessment of $400.

5.     The sentence on the three charges to which defendant is agreeing to plead guilty can be ordered to run consecutively.

6.     Elements of the Offenses.  Defendant, through its authorized representative, acknowledges that it is aware of the nature and elements of the offenses to which it is entering guilty pleas.  Specifically, if this case were to proceed to trial, the government would have the burden of proving beyond a reasonable doubt the elements of each of the offenses as listed below.

(A)  The elements of the offense of treatment, storage, and disposal of a hazardous waste without a permit, in violation of RCRA, 42 U.S.C.. § 6928(d)(2)(A), are as follows: (1) the defendant, by and through the actions of its agents and/or employees, treated, stored or disposed of waste, (2) the waste was hazardous, (3) the defendant did not have a permit authorize the defendant to treat, store, or dispose of hazardous waste, (4) the defendant acted knowingly.

(B)     The elements of the offense of handling used oil in violation of 42 U.S.C. § 6928(d)(7)(B), are as follows: (1) the defendant, by and through the actions of its agents and/or employees, stored, treated, transported, disposes of or handles used oil, (2) in violation of a material condition or requirement of any used oil standard or regulation, (3) the defendant acted knowingly.

7.     Rights Waived by Pleading Guilty.   Defendant knowingly and voluntarily waives the following rights through its guilty pleas:

(A)     The right to plead not guilty, and to persist in a plea of not guilty;

(B)     The right to a speedy and public trial before a jury;

(C)     The right to the effective assistance of counsel at trial;

(D)     The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

(E)     The right to confront and cross-examine witnesses at trial;

*U.S. v. Spencer Environmental Inc.*
July 13, 2007 Plea Agreement Page 2


EXHIBIT *A*
Page *2* of *8*

    (F)    The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

    (G)    The right to testify or to remain silent at trial, at which trial such silence could not be used against defendant; and

    (H)    The right to appeal a finding of guilt or any pretrial rulings.

8.    <u>Applicability of Sentencing Guidelines</u>.  Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in  Title 18, United States Code, Section 3553(a).  Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a fine.  Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9.    <u>Sentencing Recommend Agreement</u>.   The government and defendant agree to recommend a total monetary penalty consisting of One Hundred Fifty Thousand Dollars ($150,000), in addition to the mandatory special assessment.  The parties agree to recommend that the sentence should be imposed as follows:

    (A) <u>Fine</u>.  Defendant shall pay a total aggregate criminal fine in the amount of $75,000.

    (B) <u>Mandatory Special Assessment</u>.   Defendant shall pay a special assessment for each count of conviction for a total aggregate special penalty amount of One Thousand Two Hundred dollars.

    (C) <u>Community Service</u>.  Defendant shall make an organizational community service payment in the amount of $75,000 pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a).  Accordingly, defendant shall make a payment of $75,000 to the Oregon Governor's Fund for the Environment, a

sustained granting fund managed by the National Fish and Wildlife Foundation to benefit the coastal areas and rivers and streams passing through the District of Oregon by funding projects to (a) reduce pollution and otherwise cleanup Oregon rivers, streams, and coastal areas; (b) restore and preserve fish, wildlife, and plant resources critical to Oregon rivers, streams and coastal areas; (c) identify continuing sources of pollution of Oregon rivers, streams and coastal areas; (d) develop and implement strategies to eliminate and/or reduce pollution of Oregon rivers, streams and coastal areas; and (e) improve state and local criminal enforcement of environmental and wildlife protection laws intended to protect Oregon rivers, streams and coastal areas.

Because the community service payments are designated as community service by an organization, defendant further agrees that it will not seek any reduction in their tax obligations as a result of these community service payments.  In addition, since these payments constitute community service, defendant will not characterize, publicize or refer to these community service payments as voluntary donations or contributions.

(D)  Payments.  Defendant further agrees that if the Court imposes sentence in accordance with the terms of this agreement, the monetary penalties, including the fines, community service, and special assessments, shall be paid on the day of sentencing.

(E)  Probation.  The defendant is an inactive corporation that filed its articles of dissolution on January 5, 2005.  As a result, the defendant is not authorized by law to engage in any activities other than those appropriate to winding up its affairs and liquidating its assets.  ORS 65.637.  The defendant has already sold its assets and therefore has no existing legal or financial ability to conduct business. In addition, as the president of the defendant, Doanld Spencer has agreed to pay any criminal fine and community service that defendant is sentenced to pay arising out of the plea up to a maximum total of $150,000.  Given all of these considerations, the government and the defendant agree that defendant should not be placed on a term of organizational probation under 18 USC Section 3561(c)(1) or USSG Sections 8D1.1 and 8D1.2.

10.    Application of the Agreement.  This Agreement shall bind defendant and its

successors and assigns.  Defendant, or its successors-in-interest, if applicable, shall provide to

each undersigned prosecuting office and the United States Probation Office in the District of

Oregon with immediate notice of any name change, corporate reorganization, or similar action

affecting this Agreement and the ECP.  Defendant shall not engage in any action to seek to avoid

*U.S. v. Spencer Environmental Inc.*
July 13, 2007 Plea Agreement Page 4

**EXHIBIT** *A*
**Page** 4 of 8

the obligations and conditions set forth in this Agreement.

11.    <u>Court Not Bound By Agreement:</u>  Defendant acknowledges that the Court and United States Probation Office are not bound by this agreement.  The defendant further recognizes that if the Court should sentence defendant differently from the recommendations in this Agreement, the defendant shall not have the right to withdraw its guilty plea.

12.    <u>Non-Prosecution of Additional Offenses.</u>  Provided that the defendant complies fully with the terms of this agreement, the United States agrees to forgo additional criminal prosecution for any additional environmental offenses or related offenses known to the government at this time, occurring during the period 1999 - 2003, including, but not limited to, (A) transportation, treatment, storage or disposal of hazardous waste without a permit, (B) mishandling of used oil in violation of material conditions of regulations and facility standards, (C) illegal discharges into the publicly owned treatment works in violation of the Clean Water Act, (D) illegal dumping in violation of the Rivers and Harbors Act.

13.    <u>Parties to the Agreement:</u>  This plea agreement is between this United States Attorney's Office and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any other charges other than those specifically mentioned herein.

14.    <u>Corporate Authorization.</u>  Defendant agrees that it is authorized to enter into this Agreement.  At the time of signing by defendant's representatives, defendant shall provide the government with a written statement in the form of a corporate resolution certifying that defendant is authorized to enter into and comply with all of the terms of this Agreement.  The corporate resolution shall certify that defendant's Board of Directors has authorized the



EXHIBIT _A_

Page _5_ of _8_

undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. The defendant agrees that the pleas of guilty will be entered by the defendant through Donald M. Spencer, President of Spencer Environmental Incorporated, and that he is a corporate officer authorized to enter pleas of guilty on the defendant's behalf. By entering these guilty pleas, the defendant hereby waives all objections to the form of the charging documents, and admits that it is in fact guilty of the offenses as set forth in the Information.

15.    <u>Waiver of Appeal</u>. Defendant knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. Defendant similarly knowingly, intelligently, and voluntarily waives its right to appeal the sentence imposed by the court, provided its sentence is no greater than the maximum estimated in paragraphs 3 - 5 (15 years probation and a fine of $1.5 million). In addition, defendant knowingly, intelligently, and voluntarily waives its right to bring a collateral challenge pursuant to 28 U.S.C. § 2255, against either its conviction, or the sentence imposed in this case, except for a claim of ineffective assistance of counsel. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.

EXHIBIT _A_
Page _6_ of _8_

16.    <u>Completeness of Agreement</u>.  The government and defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement is effective upon signature by defendant and all of the attorneys for the government.

AGREED AND ACCEPTED

KARIN J. IMMERGUT
United States Attorney for the District of Oregon

U.S. DEPARTMENT OF JUSTICE
Environmental Crimes Section

DWIGHT C. HOLTON
Assistant United States Attorney

Ronald J. Sutcliffe
Trial Attorney

Dated: July 13, 2007
        Portland, Oregon

## ACCEPTANCE OF PLEA AGREEMENT

On behalf of the defendant, SPENCER ENVIRONMENTAL INC., I have been authorized by a corporate resolution to sign this agreement and bind SPENCER ENVIRONMENTAL INC.. SPENCER ENVIRONMENTAL INC. has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. SPENCER ENVIRONMENTAL INC. voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to SPENCER ENVIRONMENTAL INC. other than those contained in this Agreement. No one has threatened or forced SPENCER ENVIRONMENTAL INC. in any way to enter into this Agreement. Finally, SPENCER ENVIRONMENTAL INC. is satisfied by the representation of its attorneys in this matter.

_____          10-11-07
Donald M. Spencer                        Date
SPENCER ENVIRONMENTAL INC.
Defendant


I am SPENCER ENVIRONMENTAL INC.'S attorney. I have carefully discussed every part of this Agreement with authorized representatives of the defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of SPENCER ENVIRONMENTAL INC. to enter into this Agreement is an informed and voluntary one.

_____          10/11/07
PER RAMFJORD, Esq.                       Date
Counsel for Defendant
Spencer Environmental, Inc.

EXHIBIT ___A___
Page ___8___ of ___8___